**Xiu Feng CHEN, Petitioner,**

v.

**Alberto R. GONZALES,\* Respondent.**

**No. 03–40813–AG.**

United States Court of Appeals, Second Circuit.

Oct. 24, 2005.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

Fengling Liu, New York, New York, for Petitioner.

Daniel G. Bogden, United States Attorney of the District of Nevada (Crane M. Pomerantz, Assistant United States Attorney, on the brief), for Respondent.

Present: MESKILL, CABRANES, and SACK, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the petition for review be DENIED.

Petitioner Xiu Feng Chen, a citizen and national of the People's Republic of China, petitions for review of an order of the Board of Immigration Appeals ("BIA") entered on October 15, 2003, affirming a March 5, 2002 decision of an Immigration Judge ("IJ"). The IJ rejected the petitioners' application for asylum and withholding of removal under the Immigration and Nationality Act of 1952, *see* 8 U.S.C. §§ 1158(a), 1231(b)(3), and denied relief under Article 3 of the United Nations Convention Against Torture ("CAT"), adopted Dec. 10, 1984, S. Treaty Doc. No. 100–20 (1988), 1465 U.N.T.S. 85; 8 C.F.R. § 208.16.

We assume the parties' familiarity with the facts, the procedural history, and the issues on appeal. "We review the factual findings underlying the [IJ's] determinations under the substantial evidence standard, reversing only if no reasonable factfinder could have failed to find that petitioner suffered past persecution or had a well-founded fear of future persecution or torture." *Ramsameachire v. Ashcroft,* 357 F.3d 169, 177 (2d Cir.2004) (internal quotation marks omitted).

After reviewing the record, we conclude that substantial evidence supports the finding that the petitioner's testimony, even if credited, did not establish that she suffered past persecution or has a well-founded fear of future persecution. While this Court has recently held, in the context of an asylum claim based on Falun Gong, that an imputed political opinion, whether correctly or incorrectly attributed, could constitute a ground for political persecution, *see Gao v. Gonzales,* 424 F.3d 122, 128–30 (2d Cir.2005), the IJ and the BIA properly considered, here, the issue of whether authorities "perceived" the petitioner to be a practitioner or supporter of the movement. Because the petitioner is ineligible for asylum, the BIA properly concluded that she could not meet the higher burden of establishing eligibility for withholding of removal. *See Zhou Yun Zhang v. INS,* 386 F.3d 66, 71 (2d Cir. 2004). Likewise, the BIA's denial of CAT relief for the petitioner also satisfied the substantial evidence standard. *See Mu–Xing Wang v. Ashcroft,* 320 F.3d 130, 134, 144 (2d Cir.2003).

The petition for review is therefore hereby DENIED.